Richardson, J.,
delivered the opinion of the court:
The act of July 6,1812 (ch. 137, 2 Stat. L., 785), contained the following section:
“ Sec. 4. And be it further enacted, That the President. is hereby authorized to confer brevet rank on such officers of the Army as shall distinguish themselves by gallant actions or meritorious conduct, or who shall have served ten years in any one grade: Provided, That nothing herein contained shall be so construed as to entitle officers so brevetted to any additional pay or emoluments, except when commanding separate posts, districts, or detachments, when they shall be entitled to and *696 receive the same pay and emoluments to which officers of the same grades are now ór hereafter may be allowed by law.”
By section one of the act of April 16,1818 (ch. 64, 3 Stat. L., 427), that provision was thus modified:
uBe it enacted, &c., That the officers of the Army who have brevet commissions shall be entitled to and receive the pay and emoluments of their brevet rank when on duty and having a command according their brevet rank, and at no other time.”
It is upon this enactment that the claimant rests his demand for the pay of his brevet rank while on duty, and having a command according to such rank from April 1,1867, to January 1, 1868, and from May 3,1870, to October 26,1882. He has been fully paid according to his lineal rank.
On the part of the defendants it is contended that the act of 1818 was repealed before the claimant performed said duty, and several statutes, which we shall cite, are relied upon in support of that position. The act of March 3,1863 (ch. 82,12 Stat. L., 758), was as follows:
“ Be it enacted, cfec., That the President of the United States be, and he hereby is, authorized, by and with the advice and consent of the Senate, to confer brevet rank upon such commissioned officers of the volunteer and other forces in the United States service as have been or may hereafter be distinguished by gallant actions or meritorious conduct; which rank shall not entitle them to any increase of pay or emoluments.”
It was thereafter claimed for the officers of the regular Army that this provision did not apply to them ; that their appointments to brevet rank were made under the act of 1812; that this act was passed to enable the President to give brevet rank to officers of volunteers and the militia, which latter, it was alleged, Congress meant by the words “other forces”; and that it was the brevet rank of volunteer and militia officers only to which Congress referred therein by the words “which rank shall not entitle them to any increase of pay or emoluments.”
Such was the construction put upon the act by the pay department of the Army and the accounting officers of the Treasury. Officers of the Army continued to be paid under the act of 1818 according to their brevet rank when on duty and having a command according to such rank, while officers of the volunteer and militia forces under like circumstances received no increase of pay and emoluments.
*697 Then came the act of March 3,1865 (ch. 79, 13 Stat. L., 588), with this provision:
“Sec. 9. Be it further enacted, That officers by brevet in the regular Army shall receive the same pay and allowances as brevet officers of the same grade or rank' in the volunteer service, and no more.”
This act having declared that brevet officers in the regular Army should receive no more pay and allowances than those in the volunteer service, and, according to the practical construction given to the act of 1863, which must have.been known to Congress, the latter officers having been excluded from receiving any additional pay or allowances on account of their brevet rank, the pay department of the Army and the accounting officers of the Treasury thereafter paid them all-alike, according to their lineal rank only.
We do not see how they could have done otherwise. They had previously given the officers of the regular Army the benefit of a construction of the act of 1863 in their favor, the correctness of which is by no means clear, and now that Congress had passed an act expressly declaring that brevet officers of the regular Army should have the same pay as those of volunteers, <md no more, there could no longer be the slightest justification for making any distinction between them, and none has since been made.
The executive construction has uniformly been that all pay and allowances on account of brevet rank under all circumstances and for all officers has been abolished since March 3, 1865, and that construction we think, is correct.
We have no doubt but that the act of 1818 was superseded and repealed by the acts of 1863 and 1865. We are confirmed .in these views by the course of subsequent legislation, and especially by the action of Congress in the revision of the statutes.
March 3,1869, Congress passed an act in which is the following section:
“ Sec. 7. Be it further enacted, That brevet rank shall not entitle an officer to precedence or command except by special assignment of the President, but such assignment shall not entitle any officer to additional pay or allowances. (Act of 1869, March 3, ch. 121, 15 Stat. L., 318.)”
The main object of this provision was evidently to restrict the right of brevet officers in precedence and command to the *698 case of a special assignment by the President, but, lest additional pay should be claimed, it was expressly declared that such assignment should not entitle any officer to additional pay and allowances; thereby continuing the policy of the acts of 1863 and 1865.
Then came the revision of the laws, first reported by commissioners after several years of labor and study, and afterwards carefully examined by a committee of the House of Bepresenta-tives and passed with deliberation.
We find that section 1 of the act of 1818, upon which the claimant relies, was omitted from the Bevised Statutes, while section 2, which was the remainder of it, was, in substance, incorporated therein, with other provisions on the same subject. (Bev. S£at., §§ 1209, 1210, 1211, 1261.) Both the commissioners and Congress must have regarded section 1 as repealed, or they would have brought it forward and re-enacted it as they did the rest of the act. It is hardly to be supposed that, in making a general revision of the statutes, Congress would have omitted so important a provision in relation to the Army had they not construed the subsequent acts as superseding or repealing it.
The Bevised Statutes must be held to contain all the preexisting general and permanent laws on such subjects as Congress undertook to revise, unless it be made to appear, with great clearness, that there has been an omission. (Bowen’s Case, 11 C. Cls. R., 171.)
The following sections show that Congress designed the revision to be thorough and complete, and that they did not intend to make any omissions; and in our opinion they have not done so in this matter :
“Sec. 5595. The foregoing seventy-three titles embrace the-statutes of the United States general and permanent in their nature, in force on the 1st day of December, one thousand eight hundred and seventy-three, as revised and consolidated by commissioners appointed under an act of Congress, and the same shall be designated and cited as the Bevised Statutes of the United States.
“ Sec. 5596. All acts of Congress passed prior to said first day of December, one thousand eight hundred and seventy-three, any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof; all parts of such acts not contained in such revision, having been repealed or superseded by sub *699 sequent acts, or not being general and permanent in their nature. * * *”
The result is that there is nothing due the' claimant upon his demand.
The case is before us by transmission from the Secretary of War, under section 2 of the Bowman Act (22 Stat. L., 485). It is therefore ordered that these findings of fact and conclusions of law, with this opinion, be certified to the War Department for its guidance and action, as provided by said act.